IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1732-S-BN |
| | § | |
| HADI BAYANYEH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kimberly Johnson bring this *pro se* lawsuit against H&F Motors, Inc. and individuals employed by H&F, alleging that the defendants violated the Fair Credit Reporting Act (the FCRA) and state laws. *See* Dkt. No. 3.

The presiding United States district judge referred Johnson's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, although Johnson paid the filing fee to initiate this suit, the undersigned enters these findings of fact, conclusions of law, and recommendation that, considering her allegations, the Court should address those allegations on its own motion under Federal Rule of Civil Procedure 12(b)(6) and dismiss the FCRA claim with prejudice and decline to exercise jurisdiction over any remaining state law claims alleged in the complaint.

**Legal Standards**

"It is well-established that a district court may dismiss a complaint on its own

motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at \*1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

More specifically, a district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted).

The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177)). *Accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Notice is provided through these findings, conclusions, and recommendations (the FCR), and the period to file objections to the FCR (further explained below)

affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as the Federal Rules of Civil Procedure do not "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920

F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

So a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'"

and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

"Concerned by 'abuses in the credit reporting industry,' Congress enacted the FCRA to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce." *Hammer v. Equifax Info. Sevs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (quoting *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989); citing 15 U.S.C. § 1681(b)); *see also Donna v. Countrywide Mortg.*, No. 14-cv-03515-CBS, 2015 WL 9456325, at *5 (D. Colo. Dec. 28, 2015) ("The FCRA was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit ... in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.'" (quoting Section 1681(b)).

"The FCRA 'places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies.'" *Donna*, 2015 WL 9456325, at *5 (quoting *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002)).

Johnson does not allege that the defendants are themselves consumer reporting agencies. *See also* 15 U.S.C. § 1681a(f) ("The term 'consumer reporting

agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.").

Johnson instead alleges that she received a "pre-approval from Westlake Financial" to purchase a vehicle, went to H&F for a test drive, and that, while there, two of the defendants "submitted" her "personal information ... to two banks for a loan without [her] authorization." Dkt. No. 3 at 3.

> I was advised that my information was submitted to those banks to shop for a better interest rate than what Westlake Financial had offered in the pre-approval.
> I informed both Chuck Patel and Alex Benjamin that to do such, my permission was indeed required, which neither of them had, oral, written, implied, or otherwise.
> I advised that because of the unauthorized inquiries, I now must take the time to contact the bureaus to advise that inquiries were made into my personal credit file without my authorization.
> After waiting for nearly hours for the deal to be completed, I was advised that [H&F] did not want to do the deal because the fee that is charged to the dealership was initially $100, but because I had a fraud alert on my credit file, the fee went up to $1100.
> I was advised that if the deal was to be completed, the terms of the pre-approval would stay the same, but instead of the down payment being $2200, it would be $3200, I would be required to pay a "fee."
> I advised both Chuck Patel and Alex Benjamin that the entire interaction was illegal at its inception for using my personal identifying information without my consent to apply for loans with financial institutions as well as deny me a vehicle because I refuse to pay a "Dealership Fee."
> As a result, my rights secured by [the FCRA] have been violated.
> My identity and personal information were used by Chuck Patel

and Alex Benjamin without my consent, hence, identity theft.

*Id.* at 4.

First, insofar as these allegations can be read to assert that the defendants are liable as furnishers of information, under 15 U.S.C. § 1681s-2(a), that claim "fails as a matter of law because § 1681s-2(a) provides no private cause of action." *Id.* (collecting cases); *see also Scott v. Amex/Centurion S&T*, Nos. 3:01-cv-1594-H, -1595-H, -1596-H, 1597-H, 1598-H, 1599-H, -1600-H, -1601-H, -1602-H, 2001 WL 1645362, at *4 (N.D. Tex. Dec. 18, 2001) ("For furnishers of information to be liable to plaintiff under the FCRA, the Court must find non-compliance with § 1681s-2. That section addresses the responsibilities of furnishers of information to consumer reporting agencies. There is no cause of action, however, for failures to comply with § 1681s-2(a), except for actions by the State on behalf of residents of the State, as provided in § 1681s(c)(1)(B). *See* 15 U.S.C. § 1681s-2(c) (1998). Section 1681s-2(a) is exclusively enforced 'under section 1681s ... by the Federal agencies and officials and the State officials identified in [that] section.' *Id.* § 1681s-2(d).").

> Sections 1681n and 1681o, nevertheless, provide a private cause of action for the willful or negligent failure to comply with the requirements of § 1681s-2(b). *McMillan v. Experian Information Servs. Inc.*, 119 F. Supp. 2d 84, 88-89 (D. Conn. 2000). "[T]he plain language of Sections 1681n and Section 1681o when read in conjunction with Section 1681s-2, expressly provides a consumer remedy for violation by a furnisher of credit information of the obligations imposed under 15 U.S.C. § 1681s-2(b)." *Id.* at 89. The duties created by subsection (b) arise, however, only after the furnisher receives notice from a consumer reporting agency that a consumer is disputing credit information. *See* 15 U.S.C. § 1681s-2(b)(1) (1998). No cause of action against the furnisher of information accrues, therefore, until after the furnisher receives the requisite notice from a consumer reporting agency. That the consumer has notified the furnisher of information of a dispute does not suffice.

> *See Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d
> 1275, 1289 (M.D. Ala. 2001).

*Scott*, 2001 WL 1645362, at *4 (footnote omitted); *see also Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) ("Once a furnisher is notified by a consumer reporting agency that the consumer has disputed the completeness or accuracy of information pursuant to § 1681i(a)(2), the furnisher must conduct its own investigation with respect to the disputed item, correct any inaccuracy, and notify the agency of the results of its investigation. 15 U.S.C.A. § 1681s-2(b). To recover against a furnisher for violations of § 1681s-2(b), a plaintiff must show that: (1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." (citations and footnote omitted)).

But "nothing in [Johnson's complaint] indicates that defendants, i.e. the furnishers of information, received any notice from a credit reporting agency." *Scott*, 2001 WL 1645362, at *4.

"In the absence of an allegation that defendants failed to comply with § 1681s-2(b) after receiving notice from a credit reporting agency, the Court should dismiss the FCRA claims as frivolous. In the absence of notice to defendants from a credit reporting agency, the claims lack an arguable basis in law. The legal theory simply has no merit without some advance notice to defendants by a credit reporting agency. That element is lacking under the scenario presented by [Johnson]." *Scott*, 2001 WL

1645362, at *4; *see also Green v. RBS Nat'l Bank*, No. 4:06-CV-0188-HLM, 2008 WL 11417395, at *9 (N.D. Ga. Jan. 23, 2008) ("To state a cause of action under § 1681s-2(b), the plaintiff must show that the furnisher of information received notice of a dispute from a consumer reporting agency, as opposed to receiving notice from the plaintiff alone." (collecting cases)); *id.* at *9 n.4 ("Although Plaintiff may contend that he himself notified Defendant or Citizens Bank of disputes concerning the Account, no duty arose under § 1681s-2(b) unless and until Plaintiff filed a formal dispute with the consumer reporting agencies and the consumer reporting agencies notified Defendant or Citizens Bank of the dispute. Plaintiff could not trigger the duties of § 1681-s2(b) simply by notifying Defendant or Citizens Bank of a dispute himself." (collecting cases)); *Donna*, 2015 WL 9456325, at *5 ("Here, Ms. Donna fails to allege that the Defendants ever received notice of a dispute from a credit reporting agency. She fails to allege the critical link between the consumer reporting agencies and the Defendants. This claim fails to state a claim to which relief can be granted against the Defendants.").

More plausibly, to the extent that Johnson alleges liability under the FCRA, the facts provided indicate that the defendants are users of consumer reports. But, if so, such a claim also fails as a matter of law:

> Section 1681m applies to "users of consumer reports" who take "adverse actions on basis of information contained in consumer reports." See generally 15 U.S.C. § 1681m. Section 1681m is enforced "exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." *See* 15 U.S.C. § 1681m(h)(8)(B). Accordingly, Plaintiff cannot pursue a private action under Section 1681m. *See Villagran v. Freeway Ford, Ltd.*, No. H-05-2687, 2006 WL 964731, at *1

(S.D. Tex. Jan. 19, 2006) (stating Section 1681m precludes private actions).

*Akins v. Valley Proteins, Inc.*, No. 2:21-cv-193-Z, 2022 WL 2292729, at *9 (N.D. Tex. June 23, 2022).

And, because Johnson has not alleged a plausible claim under the FCRA – the only federal claim alleged – the Court should decline to exercise supplemental jurisdiction over any remaining state law claims. *See* Dkt. No. 3 at 2 (alleging jurisdiction under 28 U.S.C. § 1331 but then providing that "[p]laintiff also asserts actions under states' laws that may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercises supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367"); *id.* at 4 (alleging "identity theft").

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also IntegraNet Physician Res., Inc. v. Texas Indep. Providers, L.L.C.*, 945 F.3d 232, 241-43 (5th Cir. 2019), *overruled on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020)

(en banc). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over the remaining state law claims to allow Johnson to elect to pursue any remaining state claims in a state forum.

## Recommendation

The Court, on its own motion under Federal Rule of Civil Procedure 12(b)(6), should dismiss the sole federal claim, under the Fair Credit Reporting Act, with prejudice and decline to exercise jurisdiction over any remaining state law claims alleged in the complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 12, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE
